May it please the Court, Alina Schell for Appellant Rodriguez-Sanchez. Your Honors, when my client was sentenced, he was sentenced with the inclusion of criminal history points that the Sentencing Commission had said were not reasonable. But the guidelines hadn't been changed yet, right? Yes, Your Honor. If he had been sentenced six months later, we wouldn't be here today. And that he would not have had those criminal history points included in his criminal history score. But, Your Honor, the problem with that is a sentence that's reasonable one day can't be unreasonable the next day. Oh, yes, it can. It can, Your Honor. But what the Sentencing Commission said when it decided to amend the criminal history guidelines is that consideration of recency in a person's criminal history score is not reasonable. And it's not reasonable for several reasons. It's not reasonable because when you consider recency, you are not accurate. You're not helping predict a person's risk of recidivism. One of the main purposes of sentencing is to prevent the public from any future harm, from future crimes of the client. The trial judge was sentencing the client, and the trial judge said 24 months is reasonable, with or without the change. He did, Your Honor. The problem with the judge's conclusion in this case was the same facts that make a low-end sentence reasonable cannot also be facts that make a high-end sentence reasonable. And in this case, with the inclusion of the criminal history points, my client was looking at a sentencing range of 24 to 30 months. Probation, considering all of the characteristics specific to my client, looking at his criminal history and other factors, said the low end is no greater. It's the reasonable sentence in this case. Those factors, if he had been sentenced without the inclusion of the criminal history points, the guideline range would have been 18 to 24 months. There's a six-month difference. So the same thing that made a 24 low-end sentence okay cannot then be used to make a 24-month high-end sentence reasonable. The Sentencing Commission also said that when you're looking at, when you consider recency in calculating a person's criminal history score, you also, there's a disparate impact on defendants because the same single prior offense ends up getting counted up to four times when you calculate the applicable sentencing range. And that just simply is not reasonable. Now, how did the Sentencing Commission reach this conclusion? They reached it through a rather thorough review. They behaved precisely the way in Booker and Rita and Kimbrough that the Supreme Court said the Sentencing Commission needs to behave in developing a sentence that is reasonable and no greater than necessary to achieve the purposes of sentencing. They took testimony from penologists, from civil libertarians, from practitioners in the field. They also looked at the practice of state courts that have a sentencing guidelines scheme in place. And what they found was, first, interestingly, they found that no other state measured recidivism, the recency, the same way that the sentencing guidelines did. And they also found that these, the consensus is, it's almost a complete consensus that recency does nothing to help predict a defendant's risk of recidivism. Now, in our case, the client, as Judge Rieveley pointed out, the court said that 24 months was reasonable under either end. But there is just, it is an abusive discretion for the judge not to have gone through the process of determining what the applicable guideline range should have been under the new, the new, without the consideration of recency, and looked at his specific characteristics. And that didn't happen here. Are there any other questions from the Court? No. Why don't we hear from the government and then you've got some time to respond.  Thank you, Your Honor. Thank you. Good morning, Your Honor. May it please the Court. Robert Ellman for the United States. What the defendant is seeking here is a retroactive application of a nonretroactive guidelines amendment. The Court in this case improperly exercising its discretion to fashion a sentence which is reasonable, correctly concluded that it could not make the adjustment of two points. That would have been procedural error because the guidelines require, absent circumstances that are not present here, that the Court use the guidelines, sentencing rules that are in effect at the time of sentencing. That's what the Court did. What the Court can do in a circumstance like this is consider whether the prospective change in guidelines which the defendant argued and which the pre-sentence investigation report addressed, whether those could be taken into consideration among the factors listed in Section 3553A. Again, to fashion what the Court concluded was a reasonable sentence. The Court did exactly that. The Court said that this was the reasonable sentence regardless which criminal history category applied. On a record like this, the Court really can't remand without substituting its own judgment for that of the district court. And, of course, that would violate the applicable standard here. The Court fashioned a reasonable judgment. The Court also said in responding to this argument that notwithstanding this prospective amendment change, this defendant was a danger to the community. And that was why 24 months, which, again, is the low end of the applicable range, was the correct sentence here. I don't see how on this record this Court could conclude anything but that that was a reasonable sentence. If the Court has no questions, I'll yield the remainder of my time. Thank you. What do you contend is a reasonable sentence? The reasonable sentence would have been 18 months, Your Honor, based on my client's characteristics and based on the recommendations of probation that my client was eligible for. We're arguing about 6 months, right? We are arguing about 6 months, Your Honor. But it's not just about my client. It's about other clients who are facing the same situation where you have a set of guidelines. The commission has clearly said these aren't reasonable. These aren't we when we implemented them. They aren't reflective of what we as the Sentencing Commission are supposed to do. Now, I'd like to respond very quickly to a couple of points that the government made. How about the 3553 determination? Well, one of the 3553 factors is whether when you're crafting a reasonable sentence, crafting a sentence that protects the public from the future crimes of a defendant. And what the Sentencing Commission said, both when it issued the press release in the commentary to the amendment and in the report that I filed a 28-J letter with this court on, what they said was that this particular inclusion of recency in a criminal history score does not achieve that purpose of sentence. It does not adequately – it does not achieve the purpose of protecting the public from future crimes. Now, the government has said that we are asking for retroactive application of the new amendment to the guideline. And that, Your Honor, is just not accurate. We are not asking for retroactive application. What we are asking is for this court to remand to the district court, so the district court can go through and reconsider my client's sentence, to go through the process, to consider his characteristics. As I said, he was sentenced at the low end of his criminal – of the applicable range. Obviously, the factors that made him eligible for a low-end sentence there should make him eligible for a low-end sentence with the new criminal history score. Thank you, Your Honors. Thank you. Okay. Case of United States v. Rodriguez-Sanchez submitted for decision.
judges: Hug, Reavley, Fletcher W.